UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA,**

   **v.**              **CR NO. 07-675M (JMF)**

**HASKELL PARKER,**

   **Defendant.**

---

**DETENTION MEMORANDUM**

   This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**FINDINGS OF FACT**

   1.  On December 21, 2007, at approximately 11:00 am, the defendant entered the SunTrust Bank at 1369 Connecticut Avenue, NW, Washington, D.C., and handed the teller a note demanding "all your hundreds," and said that he wanted the teller's "large bills."

   2.  The teller handed the defendant four one-hundred dollar bills and a packet of fifty-dollar bills that, unbeknownst to the defendant, contained a GPS tracking device. A high-quality color surveillance photograph was taken of the defendant at the teller's window during the robbery.

   3.  Law enforcement, with the aid of the GPS tracking device, located the defendant. His physical appearance matched that of the individual photographed during

the robbery, he was in possession of the demand note and money identified as having been stolen from the bank, and was later positively identified by the teller.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that there are no conditions I could set that would reasonably assure this defendant's appearance, or that he would not commit new crimes if released.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**  The defendant is charged with committing a bank robbery.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.**  The defendant is unemployed and has been diagnosed with paranoid schizophrenia.  He is presently being medicated with Haldol and Cogentin.

**The weight of the evidence.**  The weight of the evidence is overwhelming.  The defendant was photographed committing the robbery, located with the assistance of a GPS device given to the perpetrator, and found in possession of the demand note used during the robbery and money taken from the bank.

The defendant argues that the robbery did not involve the requisite force, violence, or intimidation necessary for prosecution under 18 U.S.C. § 2113(a).  It is true that the defendant did not make an express threat or display a weapon.  All that is required under the statute, however, is that the perpetrator act in a manner that is reasonably calculated to put another in fear.  U.S. v. Hopkins, 703 F.2d 1102, 1103 (9th Cir. 1983) (affirming conviction under 18 U.S.C. § 2113(a) where defendant "spoke calmly, made no threats, and was clearly unarmed").  In a manner typical of bank robbers, the defendant passed the note and demanded money, saying he wanted large

bills. While there may not have an explicit threat to harm the teller or any one else in the bank, implicit in his words and actions was a threat of harm if his demands were not met.

**History relating to drug or alcohol abuse.** There is no information as to this factor.

**Record concerning appearance at court proceedings and prior criminal record.** The defendant has a prior record of robbing banks. He has prior federal convictions of bank robbery and attempted bank robbery, to which he served 120 months in prison. He also was convicted of robbery in the D.C. Superior Court.

Moreover, he has previously failed to comply with the conditions of supervised release, leading to its revocation and a sentence of twelve months in prison. He was released from prison on June 18, 2007, and was therefore out of jail only a few months when he committed the acts leading to the charges in this case.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. I must conclude that a mentally ill man who repeatedly robs bank is a clear and obvious danger to this community. In addition, the defendant was unfaithful to the conditions of his supervised release to the point where they were revoked and he was sent to jail. I am therefore certain that there are no conditions upon his release that I could set that would reasonably assure his appearance, or that he would not commit new crimes if released. I will, therefore, order the defendant detained without bond pending trial.

**January 4, 2008**                    _____/s/_____
                                        **JOHN M. FACCIOLA**
                                        **UNITED STATES MAGISTRATE JUDGE**